UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor,<br><br>    Plaintiff,<br>    v.<br><br>S.J. BURKHARDT, INC., a corporation; S.J. & B. GROUP, INC., a corporation; SHANNON LESLIE STUART, an individual; the SJB 401(k) PLAN, formerly known as the SJB MONEY PURCHASE PENSION PLAN, an employee health benefit plan.<br><br>    Defendants. | Case No. CV-11-06443 JAK (DTBx)<br><br>[~~PROPOSED~~] JUDGMENT AGAINST DEFENDANTS S.J. BURKHARDT, INC., AND S.J. & B. GROUP, INC. |

Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor ("Secretary"), brought this action against S.J. Burkhardt, Inc., a corporation; S.J. & B. Group, Inc., a corporation (collectively the "Corporate Defendants"); Shannon Leslie Stuart ("Stuart"), an individual; and the SJB 401(k)

- 1 -

Plan, formerly known as the SJB Money Purchase Pension Plan.[1]  The Corporate Defendants filed an Answer on January 31, 2012, through Stuart, who is not an attorney.  Because the Corporate Defendants failed to Answer the Complaint through counsel, on April 24, 2012, the Court struck the Corporate Defendants' Answer.  The Court provided the Corporate Defendants with the opportunity to file an Answer through counsel no later than by May 18, 2012.  When the Corporate Defendants failed to file an answer by May 18, 2012, the Secretary sought entry of default against the Corporate Defendants on May 23, 2012.  On May 24, 2012, the Clerk of this Court issued an Entry of Default against the Corporate Defendants.

The Secretary filed a Motion for Entry of Default Judgment Against Defendants S.J. Burkhardt, Inc., and S.J. & B. Group, Inc., on August 2, 2012 pursuant to Federal Rules of Civil Procedure 54 and 55.  The Court struck the Motion for Entry of Default Judgment Against Defendants S.J. Burkhardt, Inc., and S.J. & B. Group, Inc., because such motion had been noticed for hearing on a closed motion date.  The Secretary re-filed her Motion for Entry of Default Judgment Against Defendants S.J. Burkhardt, Inc. on August 3, 2012.  Having

---

[1] The Plan is named as a Defendant pursuant to Rule 19 of the Federal Rules of Civil Procedure solely to insure that complete relief can be granted by the Court.

fully considered the Secretary's Motion for Default Judgment and for good cause shown,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. There is no just reason for delay in entering a final judgment against Defendants S.J. Burkhardt, Inc., and S.J. & B. Group, Inc. *See* Fed. R. Civ. P. 54(b).

2. Default judgment is entered against Defendants S.J. Burkhardt, Inc., and S.J. & B. Group, Inc., for failure to collect and remit mandatory employer/prevailing wage contributions to the Plan timely, for failure to collect and remit mandatory employer/prevailing wage contributions to the Plan, and for failure to administer the plan in violation of ERISA, 29 U.S.C. §§ 1001 et seq. sections 403(a), 404(a)(1)(A), 404(a)(1)(B), 404(a)(1)(D), 29 U.S.C. §§ 1103(a), 1104(a)(1)(A), 1104(a)(1)(B), and 1104(a)(1)(D).

3. The fiduciary breaches of Defendants S.J. Burkhardt, Inc., and S.J. & B. Group, Inc., caused losses to the Plan. Default judgment is entered against Defendants S.J. Burkhardt, Inc., and S.J. & B. Group, Inc., in the amount of 221,780.75, which includes $177,173.77 in principal plus $44,606.98 in lost-opportunity costs calculated as of October 1, 2012.

4. Within fifteen days of the issuance of this Default Judgment, Defendants S.J. Burkhardt, Inc., and S.J. & B. Group, Inc., shall restore all

amounts due to the Plan in accordance with paragraphs 2 and 3. Postjudgment interest at the rate set forth in 28 U.S.C. § 1961 shall continue to accrue on this debt to the Plan until the entire amount due has been repaid.

5. All payments in satisfaction of the Judgment shall be made payable to "Securian Retirement FBO SJB 401(k) Plan" and shall be remitted to the custodian Securian Retirement via overnight delivery to: Securian Retirement, Mail Station 17-1717, 401 Robert Street North, St. Paul MN 55101-2098. If, for any reason, the custodian does not deposit such payments, within 15 business days, the Corporate Defendants must establish a segregated trust account with title in the name of the Plan, and must deposit such payments to the Plan in the trust account. Within 15 business days after an Independent Fiduciary is appointed, as set forth below, the Corporate Defendants shall transfer all funds in the Plan's trust account to the Independent Fiduciary. Any further payments in satisfaction of the Judgment shall be made in accordance with the Independent Fiduciary's instructions.

6. Defendants S.J. Burkhardt, Inc., and S.J. & B. Group, Inc., are hereby permanently enjoined from violating the provisions of Title I of ERISA.

7. Defendants S.J. Burkhardt, Inc., and S.J. & B. Group, Inc., shall continue to serve as fiduciaries to the Plan until the Court, upon further motion of the Secretary, appoints an Independent Fiduciary to perform the duties described

below.  Upon the appointment of an Independent Fiduciary to perform the duties described below, the Corporate Defendants shall also provide to the Independent Fiduciary all documents and information relevant to the Plan and shall cooperate with the Independent Fiduciary in the exercise of his or her duties.  The Corporate Defendants shall be liable for paying all reasonable fees and costs of the Independent Fiduciary within thirty days of receiving the bill for the same by the Independent Fiduciary.

8. Upon appointment of an Independent Fiduciary, as set forth below, the Corporate Defendants are removed as fiduciaries of the Plan and shall be enjoined from servings as fiduciaries of, or service providers to, any ERISA-covered employee benefit plan.

9. An Independent Fiduciary with discretionary authority over the administration and management of the Plan, with all the rights, duties, discretion, and responsibilities of a trustee, fiduciary, and Plan Administrator under ERISA shall be appointed ("Independent Fiduciary").  The Independent Fiduciary shall be designated upon later motion by the Secretary and order of this Court.

10. The Independent Fiduciary shall have the following duties and responsibilities:

a. The Independent Fiduciary shall collect, marshal, allocate, distribute and otherwise pay out all of the assets of the Plan (in all Plan accounts, including

forfeiture and suspense accounts) and take further action with respect to the Plan as appropriate, including terminating the Plan when all of its assets have been distributed to all eligible participants and beneficiaries;

    b. The Independent Fiduciary shall, pursuant to the procedures outlined in the Employee Benefits Security Administration's Field Assistance Bulletin 2004-02, exercise reasonable care and diligence to identify and locate each participant and beneficiary of the Plan who is eligible to receive a distribution under the terms of the Plan;

    c. The Independent Fiduciary shall have full access to all data, information, and calculations in the possession of the Plan and under its control, including information and records maintained by the Defendants, their attorneys, their accountants, and other agents, as well as service providers of the Plan;

    d. The Independent Fiduciary shall comply with all applicable rules and laws; and

    e. The Independent Fiduciary shall bill the Corporate Defendants for his reasonable fees and costs for serving as the Independent Fiduciary.

11. Interest shall accrue on the $221,780.75 awarded at the rate set forth 28 U.S.C. § 1961(a) from the date this Court enters this Judgment until such time as all losses with applicable interest are restored to the Plan.

12. Nothing in this Judgment affects the ability of the Secretary of Labor to assess a mandatory civil penalty against the Corporate Defendants in an amount equal to twenty percent of the applicable recovery amount pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l).

13. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Judgment.

Dated: 11/02/2012

John A. Kronstadt
United States District Judge