UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, | Case No. CV-11-06443 JAK (DTBx) |
| Plaintiff, | |
| v. | |
| S.J. BURKHARDT, INC., a corporation; S.J. & B. GROUP, INC., a corporation; SHANNON LESLIE STUART, an individual; the SJB 401(k) PLAN, formerly known as the SJB MONEY PURCHASE PENSION PLAN, an employee health benefit plan. | CONSENT JUDGMENT & ORDER BETWEEN HILDA SOLIS, SECRETARY OF LABOR, AND SHANNON LESLIE STUART   JS-6 |
| Defendants. | |

Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor ("Secretary"), brought this action against S.J. Burkhardt, Inc., a corporation; S.J. & B. Group, Inc., a corporation; Shannon Leslie Stuart ("Stuart"), an individual; and the SJB 401(k) Plan, formerly known as the SJB Money Purchase Pension Plan ("Plan").[1]  The Court entered default judgment on November 2, 2012 against S.J. Burkhardt, Inc. and S.J. & B. Group, Inc.

---

[1] The Plan is named as a Defendant pursuant to Rule 19 of the Federal Rules of Civil Procedure solely to insure that complete relief can be granted by the Court.

- 1 -

A.     The Secretary and Stuart (collectively, "the parties") admit that the Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. §1132(e)(1), and that venue lies in the United States District Court, Central District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

B.     The parties agree to the entry of this Consent Judgment & Order.  The parties further agree that this Consent Judgment & Order Between Hilda Solis, Secretary of Labor, and Shannon Leslie Stuart ("Consent Judgment & Order") shall fully settle all claims of the Secretary asserted in the Complaint.

C.     Stuart neither admits nor denies the allegations made in the Secretary's Complaint filed in this matter.

D.     The parties expressly waive Findings of Fact and Conclusions of Law. IT IS HEREBY **ORDERED**, **ADJUDGED**, and **DECREED** that:

1.      Stuart affirms he did not participate in the Plan and, therefore, has no interest in any amounts to be distributed by the Independent Fiduciary as a result of this Consent Judgment & Order.

2.     Stuart is hereby permanently enjoined from violating the provisions of Title I of ERISA.

3.     Stuart is hereby removed as a fiduciary of the Plan and shall be enjoined from serving as a fiduciary of, or service provider to, any ERISA-covered employee benefit plan.

4.     Stuart is enjoined from causing any assets to be removed from any account holdings assets of the Plan.  Within seven days of entry, the Secretary shall serve a copy of this Consent Judgment & Order on the custodian of the assets of the Plan and such custodian shall refrain from distributing Plan assets until receiving further instructions from the Independent Fiduciary appointed by this Court.

5.    The Court appoints Lefoldt & Co., P.A., of Ridgeland, MS, as an Independent Fiduciary with discretionary authority over the administration and management of the Plan, with all the rights, duties, discretion, and responsibilities of a trustee, fiduciary, and Plan Administrator under ERISA ("Independent Fiduciary").

6.    The Independent Fiduciary shall have the following duties and responsibilities:

    a.  The Independent Fiduciary's responsibilities shall include, but shall not be limited to, establishment or continuation of trust accounts for the benefit of the Plan's participants and beneficiaries, communication with participants regarding their account disbursement options, collection of any necessary information from those persons or entities in custody of such information;

    b.  The Independent Fiduciary shall collect, marshal, allocate, distribute and otherwise pay out all of the assets of the Plan (in all Plan accounts, including forfeiture and suspense accounts) and take further action with respect to the Plan as appropriate, including terminating the Plan when all of its assets have been distributed to all eligible participants and beneficiaries;

    c.  The Independent Fiduciary shall have full authority to amend the Plan as necessary to effectuate its termination and the processing of all participant distributions;

    d.  The Independent Fiduciary shall, pursuant to the procedures outlined in the Employee Benefits Security Administration's Field Assistance Bulletin 2004-02, exercise reasonable care and diligence to identify and locate each participant and beneficiary

- 3 -

of the Plan who is eligible to receive a distribution under the terms of the Plan;

    e.  The Independent Fiduciary shall have full access to all data, information, and calculations in the possession of the Plan and under its control, including information and records maintained by the Stuart, his attorneys, his accountants, and other agents, as well as service providers of the Plan;

    f.  The Independent Fiduciary shall provide to the Secretary any and all information she requests concerning the Plan, including but not limited to information concerning the assets remaining in the Plan and the status of distributions; and

    g.  The Independent Fiduciary shall comply with all applicable rules and laws.

7.    Stuart shall pay the Independent Fiduciary fees in the amount of $5,200 as follows.  Stuart shall make two payments of $2,600 each to the Independent Fiduciary, in the form of a certified check, cashier's check, or money order payable to "Lefoldt & Co., P.A." and shall remit each payment via overnight delivery to: Lefoldt & Co., P.A., 690 Towne Center Boulevard, Ridgeland, MS 39158.  Stuart shall make the first payment by no later than January 23, 2013 and Stuart shall make the second payment by no later than May 30, 2013.

8.    Stuart shall cooperate with the Secretary in responding to its requests for information, including information regarding payments to the Independent Fiduciary.  ~~Accordingly, within ten (10) days of each payment to the Independent Fiduciary, Stuart shall provide the Secretary with proof of same.  Such proof shall include a copy of the front and back of the cashed remittance check, or other appropriate evidence that such payment has been made.~~

- 4 -

9.    Stuart shall provide to the Independent Fiduciary all documents and information relevant to the Plan in his actual or constructive possession and shall cooperate with the Independent Fiduciary in the exercise of his or her duties.

10.    Wherever submission to the Secretary is required under the terms of this Consent Judgment & Order, such submission shall be made to:

Regional Director
Employee Benefits Security Administration
U.S. Department of Labor
1055 East Colorado Blvd., Suite 200
Pasadena, CA  91106

11.    The parties shall bear their own costs, expenses, and attorneys' fees incurred in connection with any stage of this proceeding, including but not limited to attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

12.    Stuart expressly waives any and all claims of any nature which he has or may have against the Secretary, the Department of Labor, or any of its officers, agents, attorneys, employees or representatives, arising out of or in connection with the allegations contained in the Complaint on file in this action, any other proceedings or investigation incident thereto or based on the Equal Access to Justice Act, as amended.

13.    Nothing in this Consent Judgment & Order is binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration.

14.    By signing their names to this Consent Judgment & Order, the parties represent that they are informed and understand the effect and purpose of this Consent Judgment & Order.

15.     This Consent Judgment & Order may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

16.     This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Judgment.

The Court directs the entry of this Consent Judgment & Order as a final order.

IT IS SO ORDERED, ADJUDGED, and DECREED

Dated: January 18, 2013

_____
John A. Kronstadt
United States District Judge

Entry of this Consent Judgment & Order is hereby consented to:

Dated:_____          M. PATRICIA SMITH
                          Solicitor of Labor
                          JANET M. HEROLD
                          Regional Solicitor
                          DANIELLE L. JABERG
                          Counsel for ERISA

                          By_____
                          Katherine M. Kasameyer
                          Trial Attorney
                          Attorneys for the Plaintiff

Stuart consents to the entry of this Consent Judgment & Order.

Dated:_____          _____
                           Shannon Leslie Stuart

- 6 -